MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
David J. Rashe, Bar No. 318400
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:     +1.714.830.0600
Fax:    +1.714.830.0700
barbara.miller@morganlewis.com
david.rashe@morganlewis.com

Attorneys for Defendant
BURBERRY LIMITED

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
01/29/2021 at 10:21:00 AM
Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| LIUBOV DIAS, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>BURBERRY LIMITED, a New York Business Corporation, BRADLEY MOORE, an individual; and DOES 1 through 25, inclusive,<br><br>　　　　　　Defendants. | Case No. 37-2020-00047364-CU-WT-CTL<br><br>**DEFENDANT BURBERRY LIMITED'S ANSWER TO PLAINTIFF LIUBOV DIAS' UNVERIFIED COMPLAINT**<br><br>Complaint Filed:   December 23, 2020 |

ANSWER TO COMPLAINT

DB2/ 40205198.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

Defendant Burberry Limited ("Defendant"), on behalf of itself, hereby answers the unverified Complaint of Plaintiff Liubov Dias ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Civil Procedure Code Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested or that Plaintiff has been damaged in the manner alleged, or in any amount or at all, as a result of any alleged act or omission of Defendant, or any of its past or present agents, representatives, or employees acting in the course and scope of their employment.

## DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses stated below are based on Defendant's knowledge, information, and belief at this time. Defendant specifically reserves the right to modify, amend, or supplement any defense at any time.

Defendant asserts the following defenses, without admitting any obligation regarding who bears the burden of proof or persuasion as to any one of them:

## FIRST DEFENSE

### (Misjoinder of Parties/Not the Employer)

1. The Complaint and each and every cause of action contained therein are barred, in whole or in part, as against those Defendants who were not Plaintiff's employer.

## SECOND DEFENSE

### (Arbitration)

2. Plaintiff's claims are barred because she is contractually bound to submit all claims against Defendant to arbitration pursuant to an arbitration agreement. Plaintiff entered into this arbitration agreement on April 8, 2016.[1]

---

[1] Defendant has attempted to meet and confer with Plaintiff to determine whether Plaintiff will honor her contractual agreement to arbitrate her claims. Plaintiff has responded that she will not stipulate to arbitration. Defendant reserves its right to file a motion to compel arbitration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

1

ANSWER TO COMPLAINT

DB2/ 40205198.1

## THIRD DEFENSE

### (Failure to State a Claim)

3. Plaintiff is barred from recovery because the Complaint and every cause of action contained therein fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## FOURTH DEFENSE

### (Statute of Limitations)

4. The Complaint and each purported cause of action set forth therein, or some of them, are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Civil Procedure Code Sections 335.1, 338, 340, and 343, and any other relevant limitations period, including under California Government Code Sections 12960 and 12965.

## FIFTH DEFENSE

### (Failure to Exhaust Internal and Administrative Remedies)

5. Plaintiff's claims are barred and/or estopped by Plaintiff's failure to exhaust appropriate internal, statutory, and/or administrative remedies prior to filing suit, including, but not limited to, her administrative remedies pursuant to the provisions of the California Fair Employment and Housing Act ("FEHA") and California Labor Code Section 1102.5.

## SIXTH DEFENSE

### (Exceeds Scope of Administrative Charge)

6. Defendant alleges that the Court is without jurisdiction over any claims not like or reasonably related to the allegations contained in Plaintiff's purported Department of Fair Employment and Housing ("DFEH") complaint(s).

## SEVENTH DEFENSE

### (Just and Proper Exercise of Managerial Discretion)

7. The Complaint and each and every cause of action contained therein are barred, in whole or in part, because Defendants' actions were a just and proper exercise of management

discretion and business judgment, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

## EIGHTH DEFENSE

### (Mixed Motives)

8. The Complaint and each and every cause of action contained therein are barred, in whole or in part, because to the extent discrimination was a motivating factor in the decisions affecting Plaintiff (which Defendants deny), legitimate reasons (standing alone) would have induced Defendants to make the same decisions.

## NINTH DEFENSE

### (Reasonable Justification/Legitimate Business Reasons)

9. The Complaint and each and every cause of action contained therein are barred, in whole or in part, because all of Defendant's actions that Plaintiff challenges were lawful, justified by legitimate, non-discriminatory/non-retaliatory reasons, and were carried out in furtherance of Defendant's legitimate business interests.

## TENTH DEFENSE

### (No Intentional Conduct)

10. The Complaint and each and every cause of action contained therein are barred, in whole or in part, because the alleged wrongful or discriminatory conduct was not intentional.

## ELEVENTH DEFENSE

### (Avoidable Consequences)

11. The Complaint and each claim alleged are barred, or recovery reduced, because: (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

### TWELFTH DEFENSE

**(After-Acquired Evidence)**

12. To the extent that during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, such after-acquired evidence shall bar Plaintiff's claims or shall reduce such claims as provided by law, assuming *arguendo* that Plaintiff is able to establish Defendant's liability (which it denies).

### THIRTEENTH DEFENSE

**(Interactive Process Not Initiated by Plaintiff)**

13. Plaintiff failed to notify Defendant of any disability and failed to initiate an interactive process to identify a reasonable accommodation that would not cause an undue hardship on the operation of Defendant's business.

### FOURTEENTH DEFENSE

**(Defendant's Good Faith Engagement in Interactive Process)**

14. Defendant engaged in a good faith interactive process to make reasonable accommodations for Plaintiff's alleged disabilities that would not cause an undue hardship on Defendant.

### FIFTEENTH DEFENSE

**(Waiver)**

15. The Complaint and each purported cause of action against Defendant is barred by the equitable doctrine of waiver.

### SIXTEENTH DEFENSE

**(Estoppel)**

16. The Complaint and each purported cause of action against Defendant is barred by the equitable doctrine of estoppel.

### SEVENTEENTH DEFENSE

**(Laches)**

17. The Complaint and each purported cause of action against Defendant is barred by the equitable doctrine of laches.

### EIGHTEENTH DEFENSE

### (Unclean Hands)

18. The Complaint and each purported cause of action against Defendant is barred by the equitable doctrine of unclean hands.

### NINETEENTH DEFENSE

### (Release)

19. Plaintiff's Complaint and each and every cause of action contained therein are barred, in whole or in part, to the extent Plaintiff has released claims alleged in the Complaint.

### TWENTIETH DEFENSE

### (Consent)

20. The Complaint and each and every cause of action contained therein are barred, in whole or in part, because Plaintiff consented to any alleged actions or omissions that support her allegations.

### TWENTY-FIRST DEFENSE

### (Failure to Mitigate)

21. Defendant alleges that Plaintiff's claims cannot be maintained because Plaintiff failed to exercise reasonable diligence to mitigate her damages, if any damages were in fact suffered, and, to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced.

### TWENTY-SECOND DEFENSE

### (Recoupment)

22. Defendant alleges that if any damages have been sustained by Plaintiff, although such damages are not admitted herein and are specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-THIRD DEFENSE

**(Lack of Causation)**

23. The Complaint and each and every cause of action contained therein are barred, in whole or in part, because to the extent Plaintiff has incurred any damages, which Defendant expressly denies, such alleged damages were not proximately caused or legally caused by Defendant.

## TWENTY-FOURTH DEFENSE

**(Workers' Compensation Act Preemption)**

24. The Complaint and each purported cause of action set forth therein seeking damages for alleged emotional and/or physical injury and/or distress are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, codified at California Labor Code Section 3600 *et seq.*

## TWENTY-FIFTH DEFENSE

**(No Basis for Award of Punitive Damages)**

25. Plaintiff fails to allege facts sufficient to support an award of punitive damages against Defendant.

## TWENTY-SIXTH DEFENSE

**(Punitive Damages Unconstitutional)**

26. Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to defendants in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the United States and California Constitutions; and (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

## TWENTY-SEVENTH DEFENSE

**(Reservation of Rights)**

27. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's present knowledge, information, and belief, and Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time. In addition, Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, defenses. Defendant therefore reserves the right to assert additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice and that judgment be entered in favor of Defendant and against Plaintiff on all causes of action contained in the Complaint;

3. That Defendant be awarded its attorney's fees and costs incurred by this action to the extent permitted under applicable law; and

4. For such other and further relief as this Court deems just and proper.

Dated: January 29, 2021                MORGAN, LEWIS & BOCKIUS LLP

By /s/ Barbara J. Miller
Barbara J. Miller
David J. Rashe
Attorneys for Defendant
BURBERRY LIMITED

# PROOF OF SERVICE

*Dias, Liubov v. Burberry Limited*
*San Diego Superior Court Case No. 37-2020-00047364-CU-WT-CTL*

I am a resident of the State of California and employed in Orange County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626.

On January 29, 2021, I served a copy of the within document(s):

**DEFENDANT BURBERRY LIMITED'S ANSWER TO PLAINTIFF LIUBOV DIAS' UNVERIFIED COMPLAINT**

[ X ]   **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Costa Mesa, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ]   **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ X ]   **BY E-FILE:** the parties listed below were served electronically using the Court's electronic service provider **ONE LEGAL** with the document(s) listed above by e-mailed PDF files on January 29, 2021. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is brandy.george@morganlewis.com.

[   ]   **BY ELECTRONIC SERVICE**: the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 29, 2021. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Boulevard, Suite 1800, Costa Mesa, California 92626. My e-mail address is brandy.george@morganlewis.com.

| | |
|---|---|
| Igor Fradkin, Esq.<br>Daniel Azizi, Esq.<br>**DOWNTOWN L.A. LAW GROUP**<br>601 North Vermont Avenue<br>Los Angeles, CA 90004<br>Telephone:   213.389.3765<br>Facsimile:   213.389.2775<br>Igor@downtownlalaw.com | *Attorney for Plaintiff*<br>*LIUBOV DIAS* |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on January 29, 2021, at Costa Mesa, California.

[ X ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[  ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

*/s/ Brandy George*
Brandy George

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 40268887.1                           PROOF OF SERVICE